IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Johnnie Anthony Lee, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-06016-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Joe Kernell; Ernest Michael Patrick O'Brien, Sr.; Greenville County, | ) ) | |
| | ) | |
| Defendants[1]. | ) | |
| _____ | ) | |

Plaintiff Johnnie Anthony Lee, Jr., a state pretrial detainee currently detained at the Greenville County Detention Center ("GCDC"), brought this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff makes allegations similar to those made by fellow GCDC detainees in recently filed actions, asserting primarily that his arrest was unconstitutional because the local magistrate who issued the arrest warrant was located in the same building as law enforcement and, therefore, could not have been "detached and neutral." (ECF No. 1 at 6).[2] Plaintiff seeks habeas relief for the still-pending charges as well as monetary damages consisting of $3 Million in compensatory damages and $1 Million in punitive damages – precisely the same relief sought in the other referenced actions.

---

[1] On his standard form prisoner complaint, Plaintiff lists "Randal J. Solomon, Sheriff Deputy" and "Hobart Lewis, Sheriff" as additional defendants. (ECF No. 1 at 2–3). Plaintiff also wrote the word "void" next to Defendant Solomon's and Defendant Lewis's names; because it is unclear what Plaintiff meant by "void," the court will assume Plaintiff intended to assert claims against these defendants as well.

[2] Other actions based on this same theory and filed around the same time by GCDC detainees include: *Lafoy v. O'Brien*, No. 6:25-cv-10732-JDA; *Jackson v. O'Brien*, No. 6:25-cv-7813-JDA; *Lindsey v. Simmons*, No. 6:25-cv-7592-DCN; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590-JDA; *Robinson v. Keel*, No. 6:25-cv-6747-DCC-KFM; *Childers v. Bratcher*, No. 6:25-cv-6742-JD; *Morgan v. Kernell*, No. 6:25-cv-6735-DCC-KFM; *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094-JDA; *Wilson v. McElrath*, No. 6:25-cv-6092-JDA; *White v. Foster*, No. 6:25-cv-4633-JDA; *Nicholson v. Simmons*, No. 6:25-cv-4632-TMC.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's detailed and thorough Report and Recommendation ("Report"), (ECF No. 9), concluding as follows: that Defendant O'Brien, the magistrate judge who issued the arrest warrant in question, (ECF No. 1 at 8), is entitled to absolute immunity from Plaintiff's claims as they arise from his judicial actions, (ECF No. 9 at 6–7); that Defendant Greenville County, Defendant Lewis and Defendant Joe Kernell (identified in the complaint as "County Administrator") are entitled to dismissal because Plaintiff makes no specific factual allegations against any of these Defendants to assert a plausible claim for relief under § 1983, *id*. at 7; that, to the extent Plaintiff names Defendant Lewis or Defendant Kernell in their administrative or supervisory capacities, Plaintiff fails to allege facts establishing a claim for supervisory liability, *id*. at 8; that, to the extent Plaintiff is challenging currently pending state criminal charges against him, the court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), *id.* at 8–10; that Plaintiff's claims are subject to dismissal for failure to allege facts sufficient to establish a constitutional violation, *id*. at 10–13; that Plaintiff has failed to allege specific, non-conclusory facts supporting his vague claim that Defendants engaged in a conspiracy to violate his constitutional rights, *id*. at 13–14; and that Plaintiff fails to demonstrate that the criminal statutes listed in the complaint create a private right of action or provide him with any relief, *id*. at 14–15. The magistrate judge, therefore, recommended the court dismiss this action without issuance and service of process and without leave to amend. *Id*. at 15.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 10). Plaintiff was advised of his right to file specific objections to the Report and of the potential consequences of failing to do so. (ECF No. 9 at 16). Plaintiff filed objections to the Report after the time for doing so expired, (ECF No. 14), as well as a motion for an extension of time to file objections (ECF No. 13). Out of an abundance of caution, the court **GRANTS** Plaintiff's motion for an extension of time (ECF No. 13) and considers Plaintiff's objections (ECF No. 14) as though they were timely filed.

Plaintiff's objections largely repeat his claims and do not address the dispositive portions of the Report. Specifically, Plaintiff objects to the magistrate judge's conclusion that Defendant O'Brien is entitled to absolute immunity because "Magistrate O'Brien wasn't independent, his office is literally in the jail where the inmate is." (ECF No. 14 at 1). Plaintiff fails to explain why his claims do not arise from Defendant O'Brien's performance of his judicial duties; accordingly, the court overrules this objection.

Plaintiff objects to the magistrate judge's conclusion that the complaint fails to allege facts establishing a claim for supervisory liability against Defendant Kernell, listing what Plaintiff contends are the general duties and responsibilities of "administrators." (ECF No. 14 at 1). Such general assertions are insufficient to show that Defendant Kernell "had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury," that his response to such knowledge reflected "deliberate indifference to or tacit authorization of the alleged offensive practices," or that there was an "affirmative causal link between the [Defendant Kernell's alleged] inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). This objection is without merit, and the court overrules it.

The remainder of Plaintiff's objections consists of general statements unrelated to any of the Defendants or any of the findings or conclusions set forth in the Report. The court overrules these objections as well.

Having conducted a ***de novo* review** of the Report and the record, the court agrees with and wholly **ADOPTS** the magistrate judge's analysis, findings and recommendations set forth in the Report (ECF No. 9), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without issuance and service of process and without leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
September 25, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.